UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:26-cr-014-JRS-KMB |
| | ) | |
| SHAYLA ADDISON, | ) | |
| | ) | |
| Defendant. | ) | |

**FILED**

**01/13/2026**

**U.S. DISTRICT COURT**
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

## PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, Thomas E. Wheeler II, United States Attorney

for the Southern District of Indiana, and, Kathryn E. Olivier, Assistant United States Attorney (the

"Government"), and the defendant, Shayla Addison (the "Defendant"), in person and by counsel,

William H. Dazey, Jr., hereby inform the Court that a Plea Agreement has been reached in this

case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).  The following are its terms and

conditions:

### Guilty Plea and Charges

**1.**      **Plea of Guilty:**  The Defendant, who will waive the right to indictment by a grand

jury, petitions the Court for leave to enter and agrees to enter a plea of guilty to Counts 1 and 2 of

an Information, which charges that the Defendant committed the offense of Influencing a Federal

Official by Threat, in violation of 18 U.S.C. § 115(a)(1)(B).

**2.**      **Potential Maximum Penalties**:  Counts 1 and 2 of the Information are each

punishable by a maximum sentence of 10 years of imprisonment, a $250,000 fine, and 3 years of

supervised release following any term of imprisonment.

**3.**     **Elements of the Offense:**   To sustain the offense to which the Defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt:

    **a.**     The Defendant threatened to assault, kidnap, or murder an individual;

    **b.**     The individual was a United States official; and

    **c.**     The Defendant intended to impede, intimidate, or interfere with such official while the official was engaged in the performance of official duties or the Defendant intended to retaliate against the official on account of the performance of official duties.

### General Provisions

**4.**     **Sentencing Court's Discretion Within Statutory Range:**   The Defendant agrees and understands that:  (a) the Court will use its discretion to fashion a sentence within the statutory range set forth above; (b) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range; (c) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range; (d) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (e) restitution may be imposed; (f) by pleading "Guilty" to more than one offense (Count), the Court may order the sentences to be served consecutively one after another; (g) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; and (h) by pleading "Guilty," the Court may impose the same punishment as if the Defendant had pled "Not Guilty," had stood trial and been convicted by a jury.

5.      **Sentencing Court Not Bound by Guidelines or Recommendations:**    The Defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the Defendant's sentence is within the discretion of the Court.  The Defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the Defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

6.      **Plea Agreement Based on Information Presently Known:**    The Defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government.  The Government agrees not to bring other federal charges against the Defendant based on information currently known to the United States Attorney for the Southern District of Indiana.

The Government will inform the Court and the Defendant at the time of taking the Defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the Defendant.

7.      **No Protection from Prosecution for Unknown or Subsequent Offenses:**    The Defendant acknowledges and agrees that nothing in this Plea Agreement shall protect the Defendant in any way from prosecution for any offense not specifically covered by this Plea Agreement or not known to the United States Attorney for the Southern District of Indiana at this time.  The Defendant further acknowledges and agrees that nothing in this Plea Agreement shall protect the Defendant in any way from prosecution for any offense committed after the date of this Plea Agreement.

3

**8.** **Rights Under Rule 11(b), Fed. R. Crim. P.:** The Defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the Defendant any statement that the Defendant gives under oath during the guilty plea colloquy. The Defendant also understands that the Defendant has the right: (a) to plead not guilty, or having already so pleaded, the right to persist in that plea; (b) to a jury trial; (c) to be represented by counsel – and, if necessary, have the Court appoint counsel – at trial and at every other stage of the proceedings, including appeal; and (d) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. The Defendant also understands that the Constitution guarantees the right to be considered for release until trial; and if found guilty of the charges, the right to appeal the conviction on such charges to a higher court. The Defendant understands that if the Court accepts this plea of guilty, the Defendant waives all of these rights.

<u>**Sentence of Imprisonment**</u>

**9.** **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):** The parties have **<u>not</u>** agreed upon a specific sentence. The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.

 **a.** **Government's Recommendation:** The Government has agreed to recommend a sentence at the low end of the Guideline range calculated by the Court at sentencing, provided that the Defendant: (i) continues to fully accept responsibility for the offense; (ii) does not commit a new criminal offense before the date of any sentencing; and (iii) does not otherwise violate the terms of any pre-trial release before the date of sentencing.

**b.      Defendant's Recommendation:**  The Defendant understands that she is free to request any lawful sentence.

10.     **Supervised Release:**  Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

11.     **Conditions of Supervised Release:**  The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case.  The parties reserve the right to present evidence and arguments concerning these conditions.

### Monetary Provisions

12.     **Mandatory Special Assessment:**  The Defendant will pay a total of $200 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

13.     **Fine:**  The parties have no agreement on the appropriateness or amount of any fine.

14.     **Restitution:**

**a.**      The Court shall order restitution to each victim in the full amount of each victim's losses as required by law and determined by the Court.

**b.**      The Defendant agrees that, while the District Court sets the payment schedule, this schedule may be exceeded if and when the Defendant's financial circumstances change.  In that event, and consistent with its statutory obligations, the Government may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

15.     **Financial Obligations:**  The Defendant understands and agrees to the following financial obligations:

a.     **Obligation to Pay:**  Any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately.  In the event the Court imposes a schedule for payment of restitution, such a schedule represents a minimum payment obligation and does not preclude the United States Attorney's Office from pursuing any other means by which to satisfy the Defendant's financial obligation.  The Defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.  The Government may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order and/or to collect any fine.  The Defendant consents to the Government's use of such legal remedies to collect the Defendant's financial obligation and hereby waives any objection to such collection efforts.

b.     **Financial Disclosure:**  The Defendant shall disclose to the United States Attorney's Office and the United States Probation Office all assets in which she has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party.  The Defendant shall truthfully complete the United States Attorney's Office's financial statement form and return the completed form to both the United States Attorney's Office and the United States Probation Office.

c.     **Notice of Material Changes:**  Prior to sentencing, the Defendant shall provide notice to the United States Attorney's Office and United States Probation Office of any material change in the Defendant's economic circumstances, within 7 days of the event giving rise to the changed circumstances.  Such changes shall include, but are not

limited to, the transfer of any property, or the Defendant's interest in any property, with a value exceeding $1,000, owned, possessed, and/or controlled directly or indirectly, individually or jointly, by the Defendant.

       **d.**     **Failure to Disclose:** The Defendant's failure to timely and accurately complete the financial statement or to provide notice of material change in economic circumstances may, in addition to any other penalty or remedy, constitute the Defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

       **e.**     **Material Misrepresentations and Omissions:** If the Defendant makes any material misrepresentation or omission in or regarding the above-described financial obligations, including failing to disclose assets in which the Defendant owns, possesses, controls, or has an interest, the Government may, at its sole option, choose to be relieved of its obligations under this Plea Agreement. Misrepresentations and/or omissions are material if they effect the Defendant's net worth by $10,000 or more.

**16.**     **Abandonment of Seized Property:** The Defendant understands that other property – namely an Apple iPhone (the "iPhone") – was seized by federal, state, or local law enforcement agencies during the investigation and prosecution of this cause. The Defendant agrees to abandon all right, title, and interest the Defendant may have in the iPhone, so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies without further notice or obligation whatsoever owing to the Defendant. The Defendant consents to the vesting of title to the iPhone to the United States, pursuant to 41 C.F.R. § 128-48.102-1. The Defendant waives any right to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take to carry out the abandonment, disposition, and/or destruction of the iPhone. The Defendant's waiver includes,

without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of the iPhone. The Defendant further agrees to hold the United States of America, its agents, and its employees, harmless from any claims whatsoever in connection with the seizure, abandonment, disposition, and destruction of the iPhone.

### Factual Basis for Guilty Plea

17.    The parties stipulate and agree that the following facts establish a factual basis for the Defendant's pleas of guilty to the offenses set forth in Paragraph 1, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial. The following information is only a summary of the Government's evidence. This Plea Agreement is not intended to foreclose the presentation of, and the Government reserves the right to present, additional evidence at the time of sentencing.

a.    Victim 1 was a member of the United States House of Representatives, and has served in such a position since 2021. Victim 1 was, therefore, a United States official as defined in 18 U.S.C. § 115(c)(4).

b.    On January 15, 2025, beginning at approximately 8:53 a.m., the Defendant used her cell phone to send five text messages to Victim 1's campaign phone number. The text messages threatened to kill Victim 1 and stated: "Come outside BITCH WELL [sic] KILL YOU," "We WILL KILL YOU BITCH," "TREAD LIGHTLY," THIS JASMINE COME OUTSIDE BITCH," and "YOU NEED THAT?" These messages comprise the threats alleged in Count 1 of the Information.

c.    Minutes later, at 8:56 a.m., the Defendant used her Google email account to send an email to Victim 1's campaign email address that threatened to kill Victim 1. The

email stated: "HOE WE WILL KILL YOU AND BLOW THAT WHOLE BUILDING UP BITCH COME OUTSIDE." These messages comprise the threats alleged in Count 2 of the Information.

d.      Also on January 15, 2025, the Defendant posted comments on Victim 1's Instagram account that stated: "Shut up hoe I'll kill you" and "I hope you got mace [Victim 1] cause you gone need it hoe."

e.      The Defendant is a resident of the Southern District of Indiana and was located within the Southern District of Indiana when she sent all of these messages.

f.      By sending these messages, the Defendant intended to retaliate against Victim 1 on account of Victim 1's performance of official duties.

### Other Conditions

18.      **Background Information:**  The Defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the Defendant for the purpose of imposing an appropriate sentence.  The Defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the Defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

19.      **Good Behavior Requirement:**  The Defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case.  If the Defendant fails to fully comply with such conditions, then the Government may withdraw from this Plea Agreement.

20.      **Compliance with Federal and State Laws:**  The Defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws.

9

## Sentencing Guideline Stipulations

**21.    Guideline Computations:**   Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below.  The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case.  The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court.  The 2024 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

    a.    **Base Offense Level:**  The parties stipulate and agree that the base offense level for the offenses charged in Counts 1 and 2 of the Information is 12 pursuant to U.S.S.G. § 2A6.1(a)(1).

    b.    **Official Victim:**  The parties stipulate and agree that the victim of Counts 1 and 2 was a government officer or employee, the offenses were motivated by such status, and that the applicable Chapter Two guideline is from Chapter Two, Part A (Offenses Against the Person).  This results in a 6-level increase in the Base Offense Level pursuant to U.S.S.G. § 3A1.2(b).

    c.    **Acceptance of Responsibility:**  To date, the Defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct.  Based upon the Defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this Plea Agreement, the Government agrees that the Defendant should receive a 2-level reduction *provided* the Defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of

sentencing.  The Defendant timely notified the Government of the Defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently.  After the Defendant enters a plea of guilty, the Government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by 1 additional level.  The parties reserve the right to present evidence and arguments concerning the Defendant's acceptance of responsibility at the time of sentencing.

> d.    **Final Offense Level:**  The parties stipulate and agree that the Final Offense Level is 15.

## Waiver of Right to Appeal

22.    **Direct Appeal:**  The Defendant understands that the Defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined.  Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the Defendant expressly waives the Defendant's right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742.  The Defendant further expressly waives any and all challenges to the statute to which the Defendant is pleading guilty on constitutional grounds, as well as any challenge that the Defendant's admitted conduct does not fall within the scope of the applicable statute.  This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions of supervised release and the amount of any fine.

23.    **Later Legal Challenges:**  Additionally, the Defendant expressly agrees not to contest, or seek to modify, the Defendant's conviction or sentence or the manner in which either

was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255, *except* as follows:

a.      **Ineffective Assistance of Counsel:**  As concerns the § 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the Defendant received ineffective assistance of counsel.

b.      **Retroactive Sentencing Guidelines Reductions:**  As concerns this § 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the Defendant's offense and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the Defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment.  However, if the Defendant files such a motion, the Government may oppose the motion on any other grounds.  Furthermore, should the Defendant seek to appeal an adverse ruling of the district court on such a motion, this waiver bars such an appeal.

c.      **Motions for Compassionate Release:**  As concerns this § 3582 waiver, the Defendant reserves the right to file motions seeking a "compassionate release" sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on "extraordinary and compelling reasons" set forth in U.S.S.G. § 1B1.13.  The Government reserves the right to oppose any motion for compassionate release on any grounds.

24.      **No Appeal of Supervised Release Term and Conditions:**  The Defendant waives the right to appeal the length and conditions of the period of supervised release.

**Presentence Investigation Report**

25.     The Defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

26.     The Defendant further requests and consents to the review of the Defendant's Presentence Investigation Report by a Judge, the Defendant's counsel, the Defendant, and the Government at any time, including prior to entry of a formal plea of guilty.

**Statement of the Defendant**

27.     By signing this document, the Defendant acknowledges the following:

a.      I have received a copy of the Information and have read and discussed it with my attorney.  I believe and feel that I understand every accusation made against me in this case.  I wish the Court to omit and consider as waived by me all readings of the Information in open Court, and all further proceedings including my arraignment.

b.      I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information, and believe and feel that my attorney is fully informed as to all such matters.  My attorney has since informed, counseled, and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

c.      I have read the entire Plea Agreement and discussed it with my attorney.

d.      I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

e.      Except for the provisions of the Plea Agreement, no officer or agent of any branch of Government (federal, state, or local), nor any other person, has made any promise

to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty." I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

      **f.**      I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

      **g.**      I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

      **h.**      I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime to which I am entering my plea.

      **i.**      My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within 14 days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

      **j.**      My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate judge, or probation office,

then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a 2-level increase in the offense level.

   k.      If this cause is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed guilty Plea Agreement. I further understand that any delay resulting from the Court's consideration of this proposed guilty Plea Agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

### Certificate of Counsel

28.   By signing this document, the Defendant's attorney and counselor certifies as follows:

   a.      I have read and fully explained to the defendant all the accusations against the Defendant which are set forth in the Information in this case.

   b.      To the best of my knowledge and belief each statement set forth in the foregoing Plea Agreement is in all respects accurate and true.

   c.      The plea of "Guilty" as offered by the Defendant in the foregoing Plea Agreement accords with my understanding of the facts as related to me by the Defendant and is consistent with my advice to the Defendant.

   d.      In my opinion, the Defendant's waiver of all reading of the Information in open Court, and in all further proceedings, including arraignment as provided in Fed. R. Crim. P. 10, is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court.

**e.**     In my opinion, the plea of "Guilty" as offered by the Defendant in the foregoing Plea Agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the Defendant as requested in the foregoing Plea Agreement.

**Final Provision**

29.    **Complete Agreement:** The Defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the Defendant to plead guilty. This document is the complete and only Plea Agreement between the Defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the Plea Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

THOMAS E. WHEELER II
United States Attorney

12/16/2025
DATE

Kathryn E. Olivier
Assistant United States Attorney

12/16/2025
DATE

Matthew J. Rinka
Chief, National Security Unit

12-15-2025
DATE

Shayla Addison
Defendant

December 16, 2025
DATE

William H. Dazey, Jr.
Counsel for Defendant

17