UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:26-cr-14-JRS-KMB |
| | ) | |
| SHAYLA ADDISON, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>GOVERNMENT'S SENTENCING MEMORANDUM</u>

The United States of America, by and through counsel, Thomas E. Wheeler II, United States Attorney for the Southern District of Indiana, and Kathryn E. Olivier, Assistant United States Attorney, hereby submits its Sentencing Memorandum in support of a within-Guidelines sentence of 27 months of imprisonment.

### Factual and Procedural Background

The defendant, Shayla Addison, has a long history of threatening people. Addison's most recent threats were directed towards Victim 1, a United States Representative.

On January 15, 2025, beginning at approximately 8:53 a.m., Addison used her cell phone to send five text messages threatening to kill Victim 1 to Victim 1's campaign phone number. A screenshot of those text messages, which form the basis of Count 1 of the Information, is below:



Minutes later, at 8:56 a.m., Addison used her Google email account to email Victim 1's campaign email address. Again, Addison threatened to kill Victim 1 and "blow that whole building up." This email forms the basis of Count 2 of the Information.

In addition to the text messages and email described above, also on January 15, 2025, Addison used her cell phone to post two comments on Victim 1's Instagram page. The first comment stated: "Shut up hoe I'll kill you." The second comment stated: "I hope you got mace [Victim 1] cause you gone need it hoe."

Victim 1's staff reported the threatening text messages and email to the United States Capitol Police and requested that patrols be increased around Victim 1's campaign office.

Addison was ultimately charged with two counts of Influencing a Federal Official by

Threat, in violation of 18 U.S.C. § 115(a)(1)(B).  (Docket No. 1.)  On January 13, 2026, Addison filed a Petition to Enter Plea of Guilty and Plea Agreement.  (Docket No. 8.)  Addison's change of plea and sentencing hearing is scheduled for July 14, 2026.  (*See* Docket No. 21.)

**Argument**

A within-Guidelines sentence of 27 months of imprisonment is reasonable and appropriate under 18 U.S.C. § 3553(a).  In arriving at the Guidelines range of 27-33 months of imprisonment (Docket No. 19 ¶ 67), the Presentence Investigation Report ("PSR") included enhancements for the number of threats (U.S.S.G. § 2A6.1(b)(2)(A)) and because Victim 1 is a government official (U.S.S.G. § 3A1.2(b)).  Although Addison has not formally objected to the two-level enhancement for the number of threats, she intends to argue that it overstates the seriousness of the offense.  (Docket No. 19 at 20.)  As set forth below, the two-level enhancement is proper and does not overstate the seriousness of the offense.

**1.      The Court should impose the two-level enhancement for number of threats.**

Section 2A6.1(b)(2)(A) of the Sentencing Guidelines provides for a two-level enhancement "[i]f . . . the offense involved more than two threats."  Here, Addison communicated five threats towards Victim 1 by three different mechanisms.  Addison sent Victim 1 two text messages that threatened to kill Victim 1:  "Come outside BITCH WELL [sic] KILL YOU" and "We WILL KILL YOU BITCH."  (Docket No. 20 ¶ 7.)  Addison also sent an email to Victim 1 in which she threatened both to kill Victim 1 and blow up Victim 1's office:  "HOE WE WILL KILL YOU AND BLOW THAT WHOLE BUILINDG UP . . . ."  (*Id*. ¶ 8.)  Finally, Addison commented on Victim 1's Instagram account and again threatened to kill Victim 1:  "Shut up hoe I'll kill you."  (*Id*. ¶ 9.)  Because Addison clearly communicated more than two threats to Victim 1, the two-level enhancement of § 2A6.1(b)(2)(A) applies.

Applying the enhancement in this situation is also consistent with both *United States v. Frazer*, 391 F.3d 866 (7th Cir. 2004) and *United States v. Scott*, 441 F.3d 1322 (11th Cir. 2006).

In *Frazer*, the Seventh Circuit rejected the defendant's attempt to combine three threatening telephone calls into a single instance. 391 F.3d at 868. Because all three calls "conveyed a message that a reasonable person would foresee a recipient interpreting as an expression of intent to cause serious harm," the defendant's intent to only make two "threatening communications" was not determinative. *Id*. at 871.

Similarly, in *Scott*, the Eleventh Circuit concluded that even though a defendant only sent two threatening letters to the victim, there were more than two threats communicated to the victim. 441 F.3d at 1327. As the Eleventh Circuit explained, the second threat letter, which contained threats to blow up the federal building, harm the judge's children, and included white powder that simulated anthrax, contained "multiple threats [that] were distinct in their nature and purpose." *Id*. at 1327. Accordingly, even though the defendant only sent two letters, he communicated more than three distinct threats to the victim so the two-level enhancement in § 2A6.1(b)(2)(A) was properly applied.

So too here. Addison may want to consolidate her multiple threats towards Victim 1 into a single event; however, the reality is that there were at least five threats communicated to Victim 1.

In arguing against the enhancement, Addison claims that the enhancement "overstate[s] the seriousness of the offense" because all of the communications "were submitted over a thirteen-minute period in an angry outburst constituting a single episode evidencing little or no deliberation." (Docket No. 19 at 20.) This argument, however, is premised on the pre-1997 version of § 2A6.1(b)(2). *See Frazer*, 391 F.3d at 871 (quoting *United States v. Sanders*, 41 F.3d

480, 484 (9th Cir. 1994)) (rejecting argument that several threats may be combined "when [the] threats may be regarded as 'the product of a single impulse' or 'a single thoughtless response to a particular event'").

Because Addison communicated more than two threats to Victim 1, the 2-level enhancement of § 2A6.1(b)(2)(A) should be applied.

**2.    The § 3553(a) factors indicate that a sentence of 27 months of imprisonment is appropriate.**

A sentence of 27 months of imprisonment accounts for the nature and circumstances of Addison's offenses, as well as her specific history and characteristics.  It will also serve the goals of 18 U.S.C. § 3553(a) by reflecting the seriousness of the offense, promoting respect for the law, and affording adequate deterrence.

As an initial matter, a sentence of 27 months of imprisonment recognizes that Addison has a long history of communicating violent threats to people who upset her.  As set forth in paragraph 28 of the PSR, beginning on September 3, 2019, Addison repeatedly called the Firehouse Subs restaurant in Hendricks County, Indiana where her ex-boyfriend worked and threatened to "blow up" or "shoot up" the store the following day.  The threatening calls continued into September 4, 2019.  Specifically, at approximately 10:35 a.m., Addison stated:  "We will be there at 1:00 p.m. to shoot the store up."  And at 11:58 a.m., Addison stated:  "Better have the store on lock down."  The investigation revealed that the calls began after Addison's ex-boyfriend announced that he and his new girlfriend were having a child together.  According to the ex-boyfriend, Addison also threatened to slash his tires.  (Docket No. 19 ¶ 28.)  Addison was ultimately convicted of misdemeanor intimidation in connection with this incident.

Less than three months later, in December 2019, Addison called the same Firehouse Subs

restaurant more than 50 times in a single day. While law enforcement was at the restaurant, Addison called four or five times. When a police officer answered phone, Addison hung up on him. (Docket No. 19 ¶ 29.) Addison was ultimately convicted of misdemeanor invasion of privacy in connection with this incident.

Then, in September 2023, Indianapolis Metropolitan Police Department officers were dispatched to Addison's mother's apartment after Addison threatened to burn down the residence and poured gasoline on the front steps. When officers arrived, Addison was sitting in her car with an open gas can on the front seat. The gas in the can matched the gas that was poured on the steps of the residence. Addison was ultimately convicted of felony intimidation related to that incident. (Docket No. 19 ¶ 30.)

Addison has also been given multiple opportunities to adjust her behavior – all of which she has squandered. For the three convictions outlined above, Addison was sentenced to 365 days (40 days executed and 325 days suspended to probation) for the first offense, 365 days of probation for the second offense, and 377 days (12 days executed and 365 days suspended to probation) for the third offense. Despite this leniency, Addison repeatedly violated probation. (*See* Docket No. 19 ¶¶ 28 (noting probation violations for consumption of alcohol, use of illegal drugs, and possession of a controlled substance), 30 (noting probation violations for positive drug tests and for failing to submit to drug tests).)

A Guidelines sentence will also send a message that courts take this kind of behavior seriously. Indeed, such a sentence will send a message that threats of violence – especially towards elected officials – are treated just as seriously as other crimes. This is especially important because aggressive rhetoric towards elected officials is at a dangerously high level. In 2025, the United States Capitol Police investigated nearly 15,000 threats against members of Congress, their

families, staff, and the U.S. Capitol Complex. United States Capitol Police, USCP Threat Assessment Cases for 2025, available at https://www.uscp.gov/media-center/press-releases/uscp-threat-assessment-cases-2025 (last visited July 6, 2026). This is an all-time high and represents a substantial increase from 2024 (9,474 threat investigations). *Id.* By imposing a sentence within the Guidelines, the Court will send a message that the law must be respected and that violent threats against elected officials will not be tolerated.

Finally, a within-Guidelines sentence would also deter others from threatening elected officials. General deterrence is a critical component of sentencing in cases like this one. A sentence outside the Guidelines range would create disparities with other types of offenders that would reinforce the perception that non-violent offenders receive special treatment, which would undermine deterrence as well as respect for the law.

## Conclusion

For the foregoing reasons, the Government respectfully requests that the Court sentence Addison to a within-Guidelines term of imprisonment of 27 months.

Respectfully submitted,

THOMAS E. WHEELER II
United States Attorney

By:    /s/ Kathryn E. Olivier
       Kathryn E. Olivier
       Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 7, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

By:   /s/ Kathryn E. Olivier
Kathryn E. Olivier
Assistant United States Attorney
Office of the United States Attorney
10 W. Market Street, Suite 2100
Indianapolis, IN 46204-3048
Telephone: (317) 226-6333
Fax:  (317) 226-6125
Email:  Kathryn.Olivier@usdoj.gov